IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RODERICK CHISHOLM | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:17-cv-00677-ALM |
| | § | |
| SAFECO INSURANCE COMPANY | § | |
| OF INDIANA | § | |
|     Defendant. | § | |

**PLAINTIFF RODERICK CHISHOLM'S FIRST AMENDED COMPLAINT**

NOW COMES Roderick Chisholm ("Plaintiff") and files his First Amended Complaint, complaining of and about Safeco Insurance Company of Indiana ("Safeco" and "Defendant"), and would respectfully show to the Court and Jury as follows:

**I. PARTIES**

1. Plaintiff, Roderick Chisholm, is a citizen of the State of Texas and a resident of Denton County, Texas.

2. Defendant, Safeco Insurance Company of Indiana, is a foreign corporation engaged in the business of insurance in the State of Texas. Defendant has been served with process and made an appearance in this case.

**II. JURISDICTION AND VENUE**

3. Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332(a), and venue is proper in the Eastern District of Texas, Sherman Division, pursuant to 28 U.S.C. § 1391(b)(2).

**III. CONDITIONS PRECEDENT**

4. All conditions precedent to recovery have been performed, waived, or have occurred.

## IV. AGENCY AND RESPONDEAT SUPERIOR

5. Whenever in this complaint it is alleged that Defendant did any act or thing, it is meant that Defendant or its agents, officers, servants, employees, or representatives did such a thing. It was also done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, or representatives.

## V. FACTS

6. Plaintiff is the owner of Texas Homeowners Policy No. OY7124588 issued by Defendant (the "Policy"). The Policy provided coverage for loss and damage caused by covered perils, including storm damages resulting from hail, wind, and water intrusion.

7. Plaintiff owns the insured property, which is specifically located at 210 Oakmont Drive, Trophy Club, Texas 76262 (the "Property"). The Property is a 4,350 square foot, three story, single family home with an attached garage and a pool.

8. Defendant, or its agent, sold the Policy, insuring the Property, to Plaintiff.

9. At the time of issuance, and in correspondence regarding the Policy, Defendant represented to Plaintiff that the Policy provided coverage to pay the full value of any loss and damage to the Property caused by covered perils, which includes hail, wind, and water intrusion. Plaintiff relied on such representations to purchase the Policy, continue to pay premiums to keep the Policy in effect, and to submit an insurance claim for loss and damage to the Property caused by covered perils, including loss and damage caused by hail, wind, and water intrusion. However, Plaintiff relied on such representations to his detriment because Defendant ultimately refused to pay the full value of loss and damage to the Property caused by covered perils, including loss and damage caused by hail, wind, and water intrusion.

10. In or about March of 2016, Plaintiff experienced a storm that damaged the Property. The storm damage to Plaintiff's Property was a covered loss under the Policy. In its track, the storm left behind widespread damage to the Property caused by covered perils, including: (a) hail and wind damage to the roof, including damaged shake/slate shingles, ridge caps, end caps, drip edge, edge trim, valley metal, flashing, insulation, vents, pipe jacks, chimney cap, and skylights; (b) hail and wind damage to gutters, downspouts, and pool deck expansion joints; and (c) water intrusion damage, as a result of storm-created openings and separations, to interior ceilings and walls in the game room, one bedroom, one bedroom closet, and one bathroom as well as to interior carpeting of one bedroom. In particular, the storm damage substantially compromised the integrity of the roof requiring replacement of the roof.

11. Plaintiff timely submitted an insurance claim to Defendant for all the covered damages caused by the storm, and Defendant assigned claim number 406767226038 to Plaintiff's insurance claim. Defendant assigned an adjuster, Jeff Roberts ("Mr. Roberts"), to adjust the insurance claim. However, Mr. Roberts failed to reasonably investigate Plaintiff's insurance claim, failed to fairly and accurately adjust Plaintiff's insurance claim, and misrepresented pertinent facts and Policy provisions regarding coverage and payment for the covered loss.

12. When Mr. Roberts inspected the Property in April of 2016, he was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's insurance claim, which included determining the cause of and then quantifying the damages done to the Property. However, Mr. Roberts conducted a substandard inspection and prepared a repair estimate that vastly under-scoped the actual covered damages to the Property.

13. In part, Mr. Roberts limited his investigation primarily to the interior areas of the home and gave cursory attention to the roof of the Property. Although he observed evidence of

exterior hail damage and interior water damage, Mr. Roberts believed or assumed—without any rational basis—that much of the damage to the Property resulted from causes unrelated to the storm and not covered under the Policy. Mr. Roberts also did not conduct any testing to properly identify the full extent of the hail and wind damage that substantially compromised the integrity of the roof, to properly determine the cause of all the interior water damage, or to properly identify the storm-created openings and separations through which the interior water damage ensued, and which his cursory visual inspection failed to identify. Due to his biased and inadequate inspection, Mr. Roberts failed to account for all of the covered damage by overlooking or disregarding, and thereby omitting from his estimate, areas of storm damage that were part of the covered loss, including most of the hail and wind damage to the roof; all of the hail and wind damage to the pool deck expansion joints; and a majority of the interior water intrusion damage.

14. Instead, Mr. Roberts only accounted for hail damage to one roof vent, the chimney cap, and skylight cladding; hail damage to the gutters and downspouts; and some of the interior water intrusion damage to ceilings or walls in the game room, one bedroom, and one bathroom. Conversely, Mr. Roberts assumed and misrepresented that any other damage to the Property was not caused by the storm or was otherwise not covered under the Policy, even though such damage did not exist before the storm occurred. Additionally, Mr. Roberts under-estimated and misrepresented the actual cost to repair or replace the under-scoped storm damage he included in his estimate, particularly with respect to the necessary costs of materials and labor, so that the amount of his estimate was below the Policy's deductible. To ostensibly settle Plaintiff's insurance claim, Mr. Roberts determined there was limited coverage under the Policy, denied coverage for most of the storm damage, decided the insurance claim should not be paid, and misrepresented that no payment was due on the insurance claim. Thus, Mr. Roberts misrepresented material facts regarding

lack of coverage for the storm damages he omitted from his estimate and the costs of needed repairs or replacements for the storm damages he did account for.

15. Based on Mr. Roberts's handling of Plaintiff's insurance claim, Defendant initially denied coverage under the Policy and represented to Plaintiff that no payment was due on Plaintiff's insurance claim. After Plaintiff disputed Defendant's findings and conclusions, Defendant assigned a second adjuster, Jeremy Regan ("Mr. Regan"), to adjust Plaintiff's insurance claim under a different claim number 775240426002, even though it should have used the existing claim number originally assigned to Plaintiff's insurance claim. Like the first adjuster, however, Mr. Regan also failed to reasonably investigate Plaintiff's insurance claim, failed to fairly and accurately adjust Plaintiff's insurance claim, and misrepresented pertinent facts and Policy provisions regarding coverage and payment for the covered loss.

16. When Mr. Regan inspected the Property in May of 2016, he was also tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's insurance claim, which included determining the cause of and then quantifying the damages done to the Property. However, Mr. Regan also conducted a substandard inspection and prepared a repair estimate that vastly under-scoped the actual covered damages to the Property.

17. In part, Mr. Regan limited his investigation primarily to the roof of the home and failed to inspect the interior areas of the Property. Like the first adjuster, Mr. Regan also did not conduct any testing to properly identify the full extent of the hail and wind damage that substantially compromised the integrity of the roof, to properly determine the cause of all the interior water damage, or to properly identify the storm-created openings and separations through which the interior water damage ensued, and which his cursory visual inspection failed to identify. Unlike the first adjuster, Mr. Regan accounted for hail damage to the roof's shake/slate shingles, ridge caps,

end caps, drip edge, flashing, one vent cover, chimney cap, and skylights, in addition to hail damage to the gutters and downspouts. Mr. Regan also failed to account for any of the interior water intrusion damage in his estimate. Additionally, Mr. Regan over-estimated and misrepresented the amount of depreciation applicable to—while he also under-estimated and misrepresented the actual cost to repair or replace—the under-scoped storm damage he included in his estimate. Moreover, Mr. Regan assumed and misrepresented—without any rational basis—that the date of loss was in April of 2015 and Plaintiff late-reported the insurance claim about a year later so that Defendant could apply a late-reporting penalty provision in the Policy to substantially limit the amount of benefits owed under the Policy. To ostensibly settle Plaintiff's insurance claim, Mr. Regan determined there was limited coverage under the Policy, denied coverage for most of the storm damage, decided the insurance claim should only be paid on a limited actual cash value basis, and misrepresented that only $10,850.52 was due on the insurance claim, even though his repair estimate total on a replacement cost basis was for $35,298.66. Thus, Mr. Regan misrepresented material facts regarding lack of coverage for the storm damages he omitted from his estimate, the costs of needed repairs or replacements for the storm damages he did account for, and the date of loss and timely reporting of Plaintiff's insurance claim.

18. Based on Mr. Regan's handling of Plaintiff's insurance claim, Defendant employed the late-reporting penalty provision in the Policy to reduce the amount of benefits owed to Plaintiff by over $19,000. And based on a combination of Mr. Roberts and Mr. Regan's differing investigations, Defendant denied coverage for most of the storm damage to the Property and ultimately decided to pay only $10,850.52 on Plaintiff's insurance claim, even though the actual scope and cost to repair or replace all of the damage to Plaintiff's Property caused by the March 2016 storm far exceeds the scope and amount of Mr. Roberts and Mr. Regan's estimates. Indeed,

Plaintiff retained his own adjuster who determined that the actual cost to repair or replace the Property for all of the covered storm damage described above exceeds $85,000. Plaintiff's adjuster contacted and attempted to work with Defendant to resolve Plaintiff's insurance claim and obtain payment for the full value of all the covered storm damage described above. However, Defendant refused to consider or accept any findings or information provided by Plaintiff's adjuster. To date, Defendant has still refused to pay the full amount of benefits owed under the Policy for all of the covered damages to the Property caused by the March 2016 storm.

19. As described above, Defendant failed to conduct a thorough and reasonable investigation of Plaintiff's insurance claim, misrepresented material facts regarding lack of coverage for the storm damages, and misrepresented the cause of, scope of, and cost to repair or replace the damage to Plaintiff's Property as well as the amount of and insurance coverage for Plaintiff's insurance claim and covered loss. Mr. Roberts and Mr. Regan made these and other misrepresentations to Plaintiff and Defendant. Defendant relied on Mr. Roberts and Mr. Regan's misrepresentations, and Plaintiff has been damaged as a result of such reliance. Mr. Roberts and Mr. Regan's misrepresentations caused Defendant to substantially deny and underpay Plaintiff's insurance claim, and Defendant's misrepresentations caused Plaintiff to pay for insurance and submit an insurance claim that did not—as promised—pay the full value of the loss and damage to Plaintiff's Property caused by covered perils, including loss and damage caused by hail, wind, and water intrusion. As a result, Plaintiff has not been able to properly and completely repair or replace all of the storm damages to his Property.

20. Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant failed and refused to properly pay proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover

the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract.

21. Defendant failed to fairly evaluate and adjust Plaintiff's insurance claim as it is obligated to do under the Policy and Texas law. By failing to properly investigate the insurance claim and wrongfully denying full coverage to Plaintiff, Defendant engaged in unfair insurance and settlement practices prohibited under Texas law.

22. Defendant's denial under-scoped the covered damages and misrepresented the benefits under the Policy, which promised to pay the full amount of loss to the Plaintiff. Defendant's conduct constitutes a violation of the Misrepresentation Regarding Policy or Insurer section Texas Insurance Code. Tex. Ins. Code § 541.051(1)(B).

23. Defendant misrepresented to Plaintiff that a substantial amount of the damage to the Property was not covered under the Policy, even though the damage was caused by a covered peril. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(1).

24. Defendant failed to make a good faith attempt to settle Plaintiff's insurance claim in a prompt, fair, and equitable manner, although it was aware of its liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(2)(A).

25. Defendant failed to reasonably explain to Plaintiff why full payment was not being made. Furthermore, Defendant did not communicate that future payments would be forthcoming to pay for the entire losses covered under the Policy, nor did Defendant provide any reasonable explanation for the failure to adequately settle Plaintiff's insurance claim. Defendant's conduct

constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(3).

26. Defendant failed to affirm or deny coverage of Plaintiff's insurance claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(4).

27. Defendant refused to fully compensate Plaintiff as required under the terms of the Policy and failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's insurance claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(7).

28. Defendant failed to accept or deny Plaintiff's full and entire insurance claim within the statutory mandated deadline of receiving all necessary information. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.056.

29. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiff's insurance claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's insurance claim. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.058.

30. From and after the time Plaintiff's insurance claim was presented to Defendant, the liability of Defendant to pay the full insurance claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

31. Additionally or in the alternative, Plaintiff has been harmed and prejudiced by Defendant's wrongful acts and omissions in that Defendant's conduct prevented Plaintiff from completing repairs or replacements of the storm damages to the Property in a timely manner and caused Plaintiff to lose contractual rights to benefits under the Policy, including but not limited to the right to receive full replacement cost benefits under the Policy.

32. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing Plaintiff with respect to these causes of action. To date, Defendant has failed to and refused to pay Plaintiff for the proper repair or replacement of the Property as required under the Policy.

33. Plaintiff's experience is not an isolated case. The acts and omissions of Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to the handling this type of insurance claim. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VI. THEORIES OF LIABILITY

**A. Cause of Action for Breach of Contract**

34. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

35. According to the Policy, Defendant had the duty to investigate and pay Plaintiff benefits owed on Plaintiff's insurance claim for covered damages, including additional benefits under the Policy related to the cost to properly repair or replace the covered damages. Plaintiff's home sustained covered damages caused by covered perils, for which Defendant wrongfully denied coverage and wrongfully withheld benefits owed under the Policy.

36. Defendant's failure and refusal, as described above, to pay the adequate compensation it is obligated to pay under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages described in this complaint.

**B.     Cause of Action for Violation of Section 542**

37. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

38. Defendant's acts, omissions, failures, and conduct that are described in this complaint violated Section 542 of the Texas Insurance Code. Defendant has violated Section 542 by failing to timely investigate Plaintiff's insurance claim, by failing to timely provide sufficient written notice of its acceptance or rejection of Plaintiff's insurance claim, and by failing to timely pay the full value of Plaintiff's insurance claim. *See* Tex. Ins. Code §§ 542.055–.058. Additionally, if it is determined Defendant owes Plaintiff any additional monies on Plaintiff's insurance claim, then Defendant automatically violated Section 542 in this case. *See* Tex. Ins. Code § 542.058.

**C.     DTPA Cause of Action**

39. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

40. Plaintiff is a consumer of goods and services provided by Defendant pursuant to the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Tex. Civ. Prac. & Rem. Code §§ 17.41 et seq. By its acts, omissions, failures, and conduct, Defendant has engaged in deceptive trade practices in violation of the DTPA. Such violations include, without limitation, the following:

   a. Representing to Plaintiff that the Policy and Defendant's adjusting and investigative services had characteristics or benefits that they did not have in violation of Section 17.46(b)(5) of the DTPA;

   b. Representing to Plaintiff that the Policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

   c. Representing to Plaintiff that the Policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have in violation of under Section 17.46(b)(12) of the DTPA;

   d. Unconscionable action or course of action in taking advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree in violation of Section 17.50(a)(3) of the DTPA; and

   e. Use or employment of acts or unfair insurance practices in violation of Section 17.50(a)(4) of the DTPA.

41. All of the above-described acts, omissions, and failures of Defendant were a producing cause of Plaintiff's damages described in this complaint. All of the above-described acts, omissions, and failures of Defendant were done knowingly as that term is used in the DTPA.

**D.     Cause of Action for Unfair Insurance Practices**

42.     Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

43.     By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code. Such violations include, without limitation, the following unfair insurance practices:

    a.     Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case, *see generally* Tex. Ins. Code §§ 541.001 et seq.;

    b.     Engaging in unfair claim settlement practices, *see* Tex. Ins. Code § 541.060;

    c.     Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue, *see* Tex. Ins. Code § 541.060(a)(1);

    d.     Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claim submitted in which liability has become reasonably clear, *see* Tex. Ins. Code § 541.060(a)(1), *see* Tex. Ins. Code § 541.060(a)(2);

    e.     Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time, *see* Tex. Ins. Code § 541.060(a)(4);

    f.     Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim, *see* Tex. Ins. Code § 541.060(a)(7); and

    g.     Failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement, *see* Tex. Ins. Code § 541.060(a)(3).

44. Defendant also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has caused Plaintiff's damages described in this complaint. All of the above-described acts, omissions, and failures of Defendant were done knowingly as that term is used in the Texas Insurance Code.

### E. Cause of Action for Breach of Duty of Good Faith and Fair Dealing

45. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

46. By its acts, omissions, failures, and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire insurance claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for its denial of Plaintiff's insurance claim. Defendant has also breached this duty by unreasonably delaying payment of and failing to settle Plaintiff's entire insurance claim because Defendant knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiff's damages.

## VII. WAIVER AND ESTOPPEL

47. Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter.

## VIII. DAMAGES

48. The above described acts, omissions, failures, and conduct of Defendant has caused Plaintiff damages, including without limitation the amount of wrongfully withheld benefits owed under the Policy for the cost to properly repair or replace the storm damages to Plaintiff's Property. Plaintiff is also entitled to recover consequential damages from Defendant's

breach of contract, including without limitation any related investigative and engineering fees incurred by Plaintiff. Plaintiff is also entitled to recover the amount owed on Plaintiff's insurance claim plus an 18% per annum penalty on that claim against Defendant as damages under Section 542.060 of the Texas Insurance Code, plus prejudgment interest and attorneys' fees.

## IX. ADDITIONAL DAMAGES

49. Defendant also "knowingly" committed unfair insurance practices and deceptive trade practices as this term is defined in the applicable statutes. Because of Defendant's knowing misconduct, Plaintiff is entitled to additional damages as authorized by Section 541.152(b) of the Texas Insurance Code and Section 17.50(b)(1) of the DTPA.

## X. EXEMPLARY DAMAGES

50. Defendant's breach of its duty of good faith and fair dealing owed to Plaintiff, as described above, has harmed Plaintiff as a result of fraud, malice, or gross negligence, as those terms are defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These acts or omissions by Defendant are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## XI. ATTORNEYS' FEES

51. As a result of Defendant's conduct that is described in this complaint, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38

of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XII. JURY DEMAND

52.     Plaintiff has demanded and continues to demand a trial by jury.

## XIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial or final disposition hereof, Plaintiff has and recovers such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all exemplary damages as may be found. In addition, Plaintiff requests the award of attorneys' fees, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

**ALLAN, NAVA & GLANDER, PLLC**
13409 NW Military Hwy, Suite 300
San Antonio, Texas 78231
Phone: (210) 305-4220
Fax: (210) 305-4219
serveone@anglawfirm.com

By:     */s/ William N. Allan, IV*
        WILLIAM N. ALLAN, IV
        State Bar No. 24012204

**COUNSEL FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

    I hereby certify that, on October 30, 2017, the foregoing was electronically filed with the Clerk of Court and served on Defendant's counsel of record listed below using the CM/ECF system, which will send notification of such filing to the following:

Colin Batchelor
Jackson P. Mabry
TILLMAN BATCHELOR LLP
1320 Greenway Drive, Suite 830
Irving, Texas 75038
Phone: (214) 492-5720
Fax: (214) 492-5721
colin.batchelor@tb-llp.com
jackson.mabry@tb-llp.com

                                              */s/ William N. Allan, IV*
                                              WILLIAM N. ALLAN, IV